SADIE STACK AND LOUIS STACK, PLAINTIFFS, v. DAVID GELTZEILER AND ALEXANDER LEBOWITZ, DEFEND-ANTS.

Submitted June 6, 1924—Decided August 2, 1924.

Negligence—Motor Vehicle Collision—Injury to Invited Passen-ger—Nominal Damages Verdict Set Aside—Awards to Hus-band Also Inadequate.

On plaintiffs' rule to show cause why a verdict in their favor should not be set aside.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiffs, *Milton M. Unger.*

For the defendant David Geltzeiler, *Samuel D. Williams.*

For the defendant Alexander Lebowitz, *William B. Har-ley* and *William H. D. Cox.*

PER CURIAM.

This is the plaintiffs' rule to show cause why a verdict for six cents in favor of the plaintiff Sadie Stack and against the defendant David Geltzeiler, and for $117 in favor of the plaintiff Louis Stack and against the defendant David Geltzeiler, and a verdict in favor of the defendant Alexander Lebowitz and against the plaintiffs, should not be set aside and a new trial granted.

The defendant Geltzeiler invited the plaintiff Sadie Stack, with others, to ride with him in his automobile from New-ark to Lakewood, New Jersey. This invitation Mrs. Stack accepted, and at Linden, on the way to Lakewood, the car of Geltzeiler, and the car of the other defendant Lebowitz, met in accident, the result of which was to injure Mrs. Stack.

We are clearly of the opinion that the verdict in favor of Mrs. Stack for six cents is inadequate and contrary to the evidence. She was very considerably injured. The testimony, without any substantial contradiction, disclosed that her body was bruised, her knees and back and hands cut and sprained, and her eyes were filled with glass. She was in bed two weeks attended by a physician. Here hand was disabled and she was unable to go out for months.

Also, the verdict in favor of the husband for $117 appears to be inadequate, in view of the great weight of the testimony, in that it failed to compensate him at all for loss of service and companionship of his wife, his recovery being limited to actual expenditures.

In view of the fact that this verdict, notably the limited recovery of the wife, can be accounted for only upon the theory of mistake or prejudice, we feel constrained to set aside the verdict in its entirety and to grant a new trial to both plaintiffs and against both defendants, since there was abundant evidence from which an impartial jury might find both defendants liable.

The rule to show cause will be made absolute.